# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHAN-TYMIR ISAIAH GIDDINGS,  :  | |
|     Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. 24-CV-4069 |
| : | |
| THE CITY OF PHILADELPHIA,  : | |
|     Defendant. : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                       **NOVEMBER 20th, 2024**

*Pro Se* Plaintiff Ashan-Tymir Isaiah Giddings alleges claims pursuant to 42 U.S.C. § 1983 after he and his son were allegedly assaulted by Philadelphia police officers. He names only one Defendant: the City of Philadelphia. Giddings seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Giddings leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Giddings may file an amended complaint.

## I.   FACTUAL ALLEGATIONS[1]

Giddings alleges that on August 8, 2022, he and his son were "assaulted" by Philadelphia police officers outside of a courtroom in Philadelphia.[2] (Compl. at 4.) The officers told Giddings to give his son to his son's mother; however, the mother allegedly permitted Giddings

---

[1] The following factual allegations are taken from the Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] Giddings appears to have included sensitive personal information about his minor son in his Complaint. (*See* Compl. at 4-5.) Accordingly, the Court will limit the Complaint to case-participant-view only. Giddings is cautioned that he must redact certain information, such as his full social security number, bank account number, birthdate, or full names of minors, when submitting filings to the Court. *See* Fed. R. Civ. P. 5.2; E.D. Pa. Local Civ. R. 5.1.3.

to spend time with his son in the court's waiting area. (*Id*.) When Giddings told the officers he did not "want any further interactions with them," the officers "attacked" him and his son. (*Id*.) Giddings alleges that as a result of the incident his "health issues" have "escalated," and his son and his son's mother suffer from PTSD.[3] (*Id*. at 5.) Based on these allegations, Giddings asserts that his constitutional rights were violated and requests money damages. (*Id*. at 4, 5.)

## II.   STANDARD OF REVIEW

The Court grants Giddings leave to proceed *in forma pauperis* because it appears he is unable to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage

---

[3] To the extent that Giddings asserts claims on behalf of his son or his son's mother, he may not proceed in this manner because a non-attorney may not bring claims on behalf of another individual in federal court. *See Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Moreover, Giddings lacks standing to assert claims on behalf of his son and his son's mother. *See Twp. of Lyndhurst v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011); *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Yoder v. Good Will Steam Fire Engine Co. No. 1*, 740 F. App'x 27, 28 (3d Cir. 2018) (*per curiam*) ("We agree with the District Court that Yoder could not assert claims on behalf of her family members."); *see also Mariana v. Fisher*, 338 F.3d 189, 205 (3d Cir. 2003) (stating that "prudential standing requires that a litigant assert his or her own legal interests rather than those of a third party").

of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Giddings is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The Court understands Giddings to assert Fourth Amendment excessive force claims in connection with an alleged assault by Philadelphia police officers.[4] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983

---

[4] Giddings also lists various state criminal statutes as a basis for the Court's jurisdiction over his Complaint. (*See* Compl. at 3 (citing to 18 Pa. Cons. Stat. Ann. § 2701 (Simple assault); 18 Pa. Cons. Stat. Ann. § 2702 (Aggravated assault); 18 Pa. Cons. Stat. Ann. § 5301 (Official oppression); 18 Pa. Cons. Stat. Ann. § 5302 (Speculating or wagering on official action or information).) Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Off. of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*); *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action); *see also Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"). To the extent that Giddings asserts claims based on these criminal statutes, the claims will be dismissed.

action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Giddings names only one Defendant in this case:  the City of Philadelphia.  He does not name any individual police officer involved in the alleged assault.  To plead a basis for municipal liability against a city or other municipality under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  It is not enough, however, to allege the existence of a policy or a custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.* (quoting *Bielevicz*, 915 F.2d at 850).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-

supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* "Ordinarily, this requires a plaintiff to identify a pattern of similar constitutional violations by untrained employees that puts municipal decisionmakers on notice that a new program is necessary." *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020) (internal quotations omitted). "Otherwise, the plaintiff needs to show that failure to provide the identified training would likely result in the violation of constitutional rights — *i.e.*, to show that the need for more or different training was so obvious." *Id.* (internal quotations and alterations omitted).

Giddings does not identify any City of Philadelphia policy or custom that caused the alleged Fourth Amendment violation. Nor does he describe a pattern of constitutional violations or an obvious need for training or supervision that supports a plausible inference that the City of Philadelphia violated his rights. Giddings's conclusory allegations that the City of Philadelphia violated his constitutional rights is not sufficient. *See, e.g.*, *Phillips v. Northampton Cnty.*, 687 F. App'x 129, 132 (3d Cir. 2017) (affirming dismissal of *Monell* claims where the complaint contained "wholly conclusory and highly generalized assertions about unspecified patterns of misconduct" based on "no facts to support the existence of any policy, custom, or practice beyond those involving [the plaintiff's] own [experiences]"); *Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (*per curiam*) (affirming dismissal of § 1983 claims and noting that "even construing [the plaintiff's] complaint as against the City of Philadelphia,

Sorrells did not plead that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires").

Giddings's claims against the City of Philadelphia also fail because Giddings has not adequately pled an underlying constitutional violation. *See Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.") (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (if a municipal employee "inflicted no constitutional injury . . . , it is inconceivable that [the municipality] could be liable")). Excessive force claims in the context of an "arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015). When considering an excessive force claim, the Court assesses whether the force used by the officers was "'objectively reasonable' based on the totality of the circumstances." *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)). This includes assessing factors such as "the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.

Giddings does not allege sufficient facts about the alleged assault itself, including the circumstances surrounding his encounter with the police officers, why he was approached by them, and how the officers physically applied force. Nor does he explain any specific police officers' role in the alleged assault. Instead he asserts in conclusory fashion that he was assaulted. Without additional factual details, Giddings fails to raise a plausible inference that the force used against him was unreasonable. *See Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir.

6

2012) (*per curiam*); *Koyi v. Borough of Tinton Falls*, No. 21-352, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023) (dismissing excessive force claim where "[c]onspicuously absent [from the complaint] are any details about the circumstances that brought Plaintiff and the officers together . . . , what happened leading up to the use of excessive force, and which officer(s) allegedly used excessive force"). Accordingly, Giddings's excessive force claims will be dismissed.[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Giddings leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Giddings leave to file an amended complaint in the event he can cure the defects the Court has identified in his claims. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**

---

[5] To the extent that Giddings intended to assert any state law claims in connection with the alleged assault, they will also be dismissed. In the absence of any federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "complete diversity between all plaintiffs and all defendants," which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); then quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Giddings asserts that he and the City of Philadelphia are both citizens of Pennsylvania. (Compl. at 4.) Thus, diversity jurisdiction is lacking over any state law claims Giddings may have intended.